UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JASON SHAPIRO,<br>    Plaintiff,<br>v.<br><br>RESIDENT PHYSICIANS TRUST<br>GROUP BENEFIT PLAN,<br>HARTFORD LIFE and ACCIDENT<br>INSURANCE COMPANY and<br>PARTNERS HEALTH CARE SYSTEMS INC.<br>    Defendants. | )<br>)<br>)   04-11966-MLW<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ANSWER OF DEFENDANTS RESIDENT PHYSICIANS TRUST GROUP BENEFIT PLAN AND HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY**

The Defendants, Resident Physicians Trust Group Benefit Plan ("Resident Physicians Trust Plan") and Hartford Life and Accident Insurance Company ("Hartford"), hereby answer Plaintiff's complaint as follows:

**INTRODUCTION**

1. Defendants admit that Plaintiff brings this action against Defendants for alleged violations of ERISA. Defendants deny Hartford issued any plan to the Resident Physicians Trust. Defendants deny that Partners insures the Resident Physicians Trust Plan. Defendants deny that the plan number of the Resident Physicians Trust Plan is GLT 071163. Defendants note that Plaintiff refers to both the Resident Physicians Trust Plan and the Supplemental LTD Plan as "Plan" throughout the Complaint. See ¶ 1 and ¶ 15. To avoid further confusion, Defendants will refer to the plan associated with policy number GLT 683013 as the Residents Physicians Trust Plan and to the plan associated with policy number GLT 071163 as the Supplemental LTD Plan.

2. Defendants deny the allegations contained in Paragraph 2.

3. Paragraph 3 states legal conclusions to which a response is not required.

## JURISDICTION

4. Paragraph 4 contains legal conclusions to which a response is not required.

## PARTIES

5. Defendants lack sufficient knowledge to admit or deny the allegation that Plaintiff is 32 years old and currently lives in California. The remaining allegations in Paragraph 5 state legal conclusions to which a response is not required.

6. Defendants admit Hartford is a for profit corporation with its principal place of business at 200 Hopmeadow Street, Simsbury, CT. Defendants admit Hartford transacts business in Massachusetts. Defendants deny Hartford is the administrator of the Resident Physicians Trust Plan. Defendants admit that Hartford is responsible for processing claims under the Resident Physicians Trust Plan.

7. Defendants admit Hartford is a fiduciary with respect to the Resident Physicians Trust Plan. Defendants deny the remaining allegations in Paragraph 7 as being based on a subjective allegation of "relevant times."

8. Defendants lack sufficient knowledge to admit or deny that Partners is a for profit corporation with its principal place of business at 101 Merrimac Street, Boston, MA 02114. Defendants deny Partners insures the Resident Physicians Trust Plan. Defendants deny the remaining allegations in Paragraph 8.

9. Defendants lack sufficient knowledge to admit or deny that Partners purported to do anything.

10. Defendants deny that Hartford issued any plan to Partners. Defendants admit that Hartford issued policy number GLT 683013, under which the policyholder is the Resident

Physicians Trust and the Participant Entity is Partners HealthCare System, Inc., to Partners.

## STATEMENT OF FACTS

### Insurance Entitlement, Definitions of Disability, Discretion

11. Defendants admit the allegations contained in Paragraph 11.

12. Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 12.

13. Defendants admit that as an employee of Brigham & Women's Hospital, Plaintiff was eligible to receive long-term disability benefits under two separate insurance policies. Defendants deny that Hartford issued any plans, but admit Hartford issued both insurance policies to Partners.

14. Defendants admit that Hartford issued policy number GLT-683013 to Partners. Defendants admit that Hartford insures the Resident Physicians Trust Plan.

15. Defendants admit that Hartford issued policy number GLT-071163 to Partners. Defendants admit that Partners insures the Supplemental LTD Plan.

### Resident Physicians Trust Plan

16. Defendants admit there is a Resident Physicians Trust Plan. Defendants deny the remaining allegations contained in Paragraph 16 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

17. Defendants admit there is a Resident Physicians Trust Plan. Defendants deny the remaining allegations contained in Paragraph 17 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

18. Defendants admit there is a Resident Physicians Trust Plan. Defendants deny the remaining allegations contained in Paragraph 18 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

19. Defendants admit there is a Resident Physicians Trust Plan. Defendants deny the remaining allegations contained in Paragraph 19 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

20. Defendants admit there is a Resident Physicians Trust Plan. Defendants deny the remaining allegations contained in Paragraph 20 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

21. Defendants admit there is a Resident Physicians Trust Plan. Defendants deny the remaining allegations contained in Paragraph 21 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

**Supplemental LTD Benefit**

22. Defendants deny the allegations contained in Paragraph 22.

23. Defendants deny the allegations contained in Paragraph 23.

24. Defendants admit the allegations contained in Paragraph 24.

25. Defendants deny the allegations contained in Paragraph 25.

26. Defendants deny the allegations contained in Paragraph 26.

**Application for Benefits and Award of Benefits**

27. Defendants admit there is a letter dated July 23, 2001 from Hartford to Plaintiff. Defendants deny the remaining allegations contained in Paragraph 27 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

28. Defendants deny the allegations contained in Paragraph 28.

29. Defendants admit there is a letter dated July 23, 2001 from Hartford to Plaintiff. Defendants deny the remaining allegations contained in Paragraph 29 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

30. Defendants admit there is a letter dated July 23, 2001 from Hartford to Plaintiff. Defendants deny the remaining allegations contained in Paragraph 30 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

**Supplemental LTD Benefit**

31. Defendants admit the allegations contained in Paragraph 31.

32. Defendants admit there is an email dated August 30, 2001 between Partners and Hartford. Defendants deny the remaining allegations contained in Paragraph 32 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

33. Defendants admit there is an email dated August 30, 2001 between Partners and Hartford. Defendants deny the remaining allegations contained in Paragraph 33 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

34. Defendants deny the allegations contained in Paragraph 34.

35. Defendants deny the allegations contained in Paragraph 35.

36. Defendants deny the allegations contained in Paragraph 36.

37. Defendants admit Plaintiff spoke with Jael Torrez on September 6, 2001. Defendants deny the remaining allegations contained in Paragraph 37 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

38. Defendants admit that there is a letter dated September 11, 2001 from Ms. Torrez to Plaintiff. Defendants deny the remaining allegations contained in Paragraph 38 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

39. Defendants deny the allegations contained in Paragraph 39.

40. Defendants admit there are internal notes dated September 27, 2001. Defendants deny the remaining allegations contained in Paragraph 40 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

41. Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 41.

42. Defendants admit that Plaintiff spoke with Ms. Torrez on May 14, 2002. Defendants deny the remaining allegations contained in Paragraph 42 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

43. Defendants admit that there is a letter dated October 15, 2001 from Plaintiff to Paul Cheney. Defendants deny the remaining allegations contained in Paragraph 43 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

44. Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 44.

45. Defendants admit that there is a letter dated May 31, 2002 from Ms. Torrez to Plaintiff. Defendants deny the remaining allegations contained in Paragraph 45 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

46. Defendants admit that there is a letter dated August 7, 2002 from Plaintiff to Paul Cheney. Defendants deny the remaining allegations contained in Paragraph 46 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

47. Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 47.

48. Defendants admit that there is a letter dated March 30, 2003 from Plaintiff to Paul Cheney. Defendants deny the remaining allegations contained in Paragraph 48 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

49. Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 49.

50. Defendants admit that there is a letter dated May 28, 2003 from Plaintiff's counsel to Marcella Curtis. Defendants deny the remaining allegations contained in Paragraph 50 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents.

51. Defendants deny the allegations in Paragraph 51 as phrased.

52. Defendants admit that there is a letter dated May 21, 2004 from Plaintiff's counsel to the Hartford. Defendants deny the remaining allegations contained in Paragraph 52 because Plaintiff fails to state the entirety of a document that is the best evidence of its contents

53. Defendants deny the allegations contained in Paragraph 53.

**Overview**

54. Defendants deny the allegations contained in Paragraph 54.

55. Defendants deny the allegations contained in Paragraph 55.

56. Defendants deny the allegations contained in Paragraph 56.

57. Defendants deny the allegations contained in Paragraph 57.

58. Defendants deny the allegations contained in Paragraph 58.

59. Defendants deny the allegations contained in Paragraph 59.

60. Defendants deny the allegations contained in Paragraph 60.

61. Defendants deny the allegations contained in Paragraph 61.

62. Defendants deny the allegations contained in Paragraph 62.

## FIRST CAUSE OF ACTION

63. Defendants reallege each of the paragraphs above as if fully set forth herein.

64. Paragraph 64 contains legal conclusions to which a response is not required.

65. Defendants leave Plaintiff to bear his burden of proving the allegations contained in Paragraph 65.

66. Defendants admit the allegations contained in Paragraph 66.

67. Defendants deny the allegations contained in Paragraph 67.

68. Defendants deny the allegations contained in Paragraph 68.

69. Defendants deny the allegations contained in Paragraph 69.

70. Defendants deny the allegations contained in Paragraph 70.

71. Defendants deny the allegations contained in Paragraph 71.

## SECOND CAUSE OF ACTION

72. Defendants reallege each of the paragraphs above as if fully set forth herein.

73. Defendants deny the allegations contained in Paragraph 73.

74. Paragraph 74 states a legal conclusion to which no response is required.

75. Defendants deny the allegations contained in Paragraph 75.

76. Defendants deny the allegations contained in Paragraph 76.

77. Defendants deny the allegations contained in Paragraph 77.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim with respect to the Defendant Resident Physicians Trust Group Benefit Plan and/or Hartford.

Respectfully Submitted,
DEFENDANTS HARTFORD LIFE and
ACCIDENT INSURANCE COMPANY, INC. and
the RESIDENT PHYSICIANS' TRUST GROUP
BENEFIT PLAN,

By their Attorneys,

_____
David B. Crevier, Esq., BBO # 557242
CREVIER & RYAN, LLP.
1500 Main Street, Suite 2020
Springfield, MA 01115
Tel: (413) 787-2400
Fax: (413) 781-8235

## CERTIFICATE OF SERVICE

I certify that I served a true copy of the foregoing on all counsel of record said service having taken place this __8__ day of December 2004.

_____
David B. Crevier